1  JACK GORDON; SBN 169380
   95 S. Market St., Ste 300
2  San Jose, CA 95113
   Tel. (408)286-1351
3  Fax. (408) 977-7783

4  Attorney for Defendant,
   Huy Ngo

5

6

7

                UNITED STATES DISTRICT COURT
8             NORTHERN DISTRICT OF CALIFORNIA
                    SAN JOSE DIVISION
9

10 UNITED STATES OF AMERICA,              No. CR-07-00289-RMW
                                              (CR-07-0290)
11                    Plaintiff,
                                          NOTICE OF MOTION AND
12 vs.                                    MOTION FOR RECONSIDERATION
                                          OF PRETRIAL RELEASE STATUS
13
   HUY NGO,
14
                      Defendant.
15

16 _____/

17

18                      INTRODUCTION

19

20     Please take notice that on December 20, 2007, at 2:00 p.m.

21 before the Honorable Patricia Trumbull, the defendant Huy Ngo will

22 move said Court to reconsider its earlier detention order and so

23 release him on a combination of reasonable bail and supervised

24 release.  This motion will be based on the following memorandum of

25 points and authorities, declaration of counsel, testimony to be

26 taken at the hearing, as well as the records and files in this

27

28
                              1

matter.

Defendant NGO is currently held in federal custody under two indictments (now related cases) charging a violation of three federal statutes; 1) 21 U.S.C. sec. 846, 841(b)1)(B)(iii) – Conspiracy to Distribute, and Possess with Intent to Distribute Cocaine; 2) 21 U.S.C. sec. 846, 841(b)(1)(B)(iii) – Attempted Possession with Intent to Distribute Cocaine Base; and, 3) 21 U.S.C. sec. 846, 841(b)(1)(C) – Conspiracy to Possess with Intent to Distribute and to Distribute MDMA.

This Court denied defendant Ngo pre-trial release after a detention hearing held on October 1, 2007. At that detention hearing it is believed the Court learned that defendant Ngo is married with two teenage children, a long time resident of California, had a job before his arrest and has one waiting for him upon his release, has a strong support network of friends and family and suffered his prior felony conviction back in 1994. What neither Court nor counsel could have been aware of was the information contained within the discovery presented to defense counsel after the detention hearing.

MEMORANDUM OF POINTS AND AUTHORITIES

A magistrate has the authority to reopen a detention hearing to take additional evidence at the request of counsel. (U.S. v. Gallo, 653 F.Supp.320(E.D.N.Y. 1986), hearing may be reopened if new information becomes available, see U.S. v. Leon, 766 F.2d 77,

80(2nd Cir. 1985)

While familiarizing himself with this case defense counsel (defendant Ngo's second attorney who was not present at the initial detention hearing) discovered that this Court learned, to some degree, of defendant Ngo's family and community ties and was quite concerned about the handgun found in the Ngo home. Information gleaned from provided discovery minimizes the danger and purpose of this firearm and should assuage the Court's concerns as to the danger that defendant Ngo presents to the community.

The defense will present proffers and or witness testimony regarding the handgun and the level of danger that defendant Ngo presents to the community.


CONCLUSION

After the Court has learned what is in the provided government discovery and heard what the witnesses have to say about him, defendant Ngo is confident that this court will modify his custody status and admit him to pre-trial release.


                                    Respectfully submitted,


  Dated: _____            _____
                                    Jack Gordon
                                    Attorney for Defendant

1

2

3                   DECLARATIN OF ATTORNEY JACK GORDON

4  1. I am the attorney of record in the above action;

5  2. I am Mr. Ngo's second attorney and did not take part in the

6  initial detention hearing;

7  3. In speaking with Mr. Ngo's prior attorney and his family

8  members it appears that one of the Courts major concerns was a

9  firearm found in the Ngo home;

10 4. Discovery provided by the government supports the position of

11 Mr. and Mrs. Ngo as to the status of said firearm.

12 5. I informed AUSA Jerich by voice mail of this motion on 12/13/07

13 and/or 12/14/07, and faxed a copy to her office on 12/15/07.

14

15    I declare under penalty of perjury that the foregoing is true

16 and correct.

17

18 Dated: 12/15/07                        _____

19                                        Jack Gordon

20

21

22

23

24

25

26

27

28

                                    4